Lee VANACORE, Plaintiff,

v.

Carmine CASTIGLIA, Anthony Castiglia, individually and as co-partners, trading under the firm name and style of Harrison Machine & Tool Co., and Harrison Machine & Tool Co., Inc., Defendants.

United States District Court
S. D. New York.
April 18, 1958.

---

I. Arnold Ross, pro se.

Irwin Isaacs, New York City, for plaintiff, opposed.

DIMOCK, District Judge.

By this motion I. Arnold Ross, an accountant appointed by the court, asks directions that plaintiff pay him $1,958.-13 as compensation for services in this case within five days after such direction, that said sum be made a lien upon any recovery and that nothing be paid in settlement before that sum is paid to Ross.

By order dated October 24, 1957, this court directed discovery and inspection of the books of defendants but, on defendants' plea that plaintiff ought not to be permitted to roam through their records, the court appointed Ross to transcribe the relevant entries and embody them in a report "to be delivered to the attorney for the plaintiff" and directed that his fees and expenses be paid by plaintiff.

On November 14, 1957, a stipulation was entered into between Ross and plaintiff providing that Ross should be paid compensation at the rate of $150 a day and disbursements and that plaintiff would pay his invoice "within ten (10) days of the filing of his report provided for in the aforesaid order."

Ross has lodged his report, sealed, in the office of the clerk of this court and obtained a direction of Judge Dawson that it be not opened until the further order of the court.

In an affidavit filed after the argument of the motion Ross asked that this report remain sealed until he is paid the sum of $1,958.13.

■ In the absence of consent by plaintiff, I know of no authority for an order by me fixing Ross' fees or making them a lien on plaintiff's recovery. He is not a "master" within the terms of Rule 53 F.R.Civ.P. which provides that "[t]he compensation to be allowed to a master shall be fixed by the court, and shall be charged upon such of the parties or paid out of any fund or subject matter of the action, which is in the custody and control of the court as the court may direct". It is true that the same rule says that the word "master" includes a referee, an auditor, and an examiner, but the auditor referred to is someone appointed to take and state an account and the examiner referred to is someone appointed to put interrogatories to witnesses. This appears not only from legal usage of the words but from the fact that the rest of Rule 53 concerns itself with the "hearings" to be conducted by "masters" and consequently by these "auditors" and "examiners".

The function assigned to Ross in this case was strictly accountant's work and involved the conducting of no hearing.

■ Quite appropriately plaintiff did not leave Ross' compensation to determination by the court, as would have been done had he been an officer appointed under Rule 53, but fixed his compensation by private agreement. Not only that, but Ross agreed that his payment should be made ten days *after* the filing of his report.

Ross contends that plaintiff, upon the argument, agreed to the amount of his bill at $1,958.13 and that it should be a lien on any recovery. Plaintiff says that this was merely an offer conditioned upon Ross' voluntary consent that the report be unsealed. I find that any such offer by plaintiff was made by way of settlement and was not accepted within its terms.

Thus I have no power to fix Ross' fees or make them a lien.

I feel, however, that, as a consequence of the fact that Ross is an appointee of the court, the court has power to pass upon his right to impound his report until his bill is paid.

If, as Ross claims, he were a "master" under Rule 53 he could not impound it for, in subdivision (a) that Rule says "The master shall not retain his report as security for his compensation".

Nor was Ross justified by his agreement in holding the report until payment. The agreement calls for payment within ten days after "filing" and, in the light of the order which provides for delivery to the attorney for the plaintiff, "filing" means filing with the attorney.

I direct that the seal upon the report be removed.

Ross must be left to the ordinary remedies of an accountant who has performed services pursuant to an express contract.

The motion is denied.